**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**LOCAL UNION NO. 1065, UNITED BROTHERHOOD OF CARPENTERS. AND JOINERS OF AMERICA, AFL-CIO, Respondent.**

No. 18498.

United States Court of Appeals. Ninth Circuit.

April 20, 1964.

to engage in, a strike or a refusal in the course of his employment to * * * perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce * * * where in either case an object thereof is—

* * * * * *

"(B) forcing or requiring any person to * * * cease doing business with any other person * *."

The National Labor Relations Board upheld the trial examiner's finding that as to picketing of a general contractor's job (one Mills) that "an object of respondents conduct was to compel Mills to cease doing business with Largent," a shingle roofer subcontractor. Further it upheld the examiner in finding:

"by inducing and encouraging employees of Mills, Hansen, Bartlett and Gladow at the aforesaid thirty-unit apartment house project in Salem, Oregon to engage in a strike or a refusal in the course of their employment to perform services, and by threatening, coercing, and restraining Mills, Hansen, Bartlett and Gladow with an object of forcing Mills to cease doing business with Largent, respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii) (B) of the Act."

Respondent contends that its real purpose in picketing was to enforce an arbitration clause in the contract. If that be true, it says we should hold the picketing proper.

■ The trouble with that position is that it is not what the board found. From our examination of the record, we have to say there was evidence to support the finding. So we just do not reach the legal question of what we should do if the board found the only purpose of the pickets was to enforce an arbitration clause. We do not think we should here get into a classification of primary, secondary and ultimate purposes and the states of mind required for each. See N. L. R. B. v. United Association of

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison and Peter M. Giesey, Attys., N. L. R. B., Washington, D. C., for petitioner.

Bailey, Swink & Gates, Paul T. Bailey and Ronald B. Lansing, Portland, Or., for respondent.

Before CHAMBERS and BARNES, Circuit Judges, and BEEKS, District Judge.

CHAMBERS, Circuit Judge.

■ We find here that so far as the board's proposed order seeks to restrict proscribed conduct as to "any other employer," "any other person" and "any other subcontractor," it is too broad. Otherwise, this court will enforce the order as submitted.

Section 8(b) (4) of the National Labor Relations Act, as amended, provides that it is an unfair labor practice for a union or its agents:

"(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce

Journeymen and Apprentices, 9 Cir., 300 F.2d 649.

 Respondent contends that it was error for the board to refuse to admit the record (or a part thereof) of an injunction hearing on the picketing which was held in the United States District Court for the District of Oregon. We would not say that all documents tendered at a court hearing or relevant admissions should not be received. But we find on this record no substantial error in the rejection of proffered evidence or of offers of proof.

In our view, respondent has lost fact questions before a trier of fact, something that happens to both unions and employers.

We do not find that there is any necessity for the board's order in this particular case to search beyond respondent's conduct with the primary employer and his subcontractors in this case.

The board's order will be enforced as above indicated.